**SIGNED THIS: June 19, 2013**

_____
**Gerald D. Fines
United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DALE ANDREW HOLM and | ) Bankruptcy Case No. 12-91502 |
| ELIZABETH STINA HOLM, | ) |
| | ) |
| Debtors. | ) |

OPINION

This matter having come before the Court for confirmation of the Debtors' Chapter 13 Plan and Trustee's Report Not Recommending Confirmation of the Chapter 13 Plan by Chapter 13 Standing Trustee, Marsha Combs Skinner; the Court, having heard arguments of counsel, reviewed written memoranda of law filed by the parties, and being otherwise fully

advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. On October 4, 2012, the Debtors filed for relief under Chapter 13 of the Bankruptcy Code.

2. On October 4, 2012, the Debtors filed their Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, which indicated that the Debtors were above median income with a line 59 Monthly Disposable Income of $1,396.96.

3. On March 7, 2013, the Debtors amended their Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income to reduce the income of the Debtors for the six month period prior to their filing for bankruptcy relief. The amendment still indicated that the Debtors were above median income with a line 59 Monthly Disposable Income of $4.31.

4. On line 40 of the Amended B22C, the Debtors listed $2,486 for the continued contributions to the care of household or family members.

5. The expenses listed on line 40 of the Debtors' Amended B22C Form and on Schedule J of the Debtors' bankruptcy petition revealed that the $2,486 expense is for the care of the Debtors' adult son, Matthew Holm, who has been diagnosed with bi-polar disorder.

6.   The Debtors' bankruptcy petition further reveals that Debtor, Dale Andrew Holm, is the owner of a sole proprietorship known as Outdoor Enterprises, which is a boating and camping outfitter operated by the Debtor, Dale Andrew Holm.

7.   The Debtors' son, Matthew Holm, works in the capacity of Operator of Outdoor Enterprises, where he schedules, coordinates, and serves as the guide for camping and boating trips in Central Illinois.

8.   The Debtors' income tax returns indicate that Outdoor Enterprises has operated at a loss for the last several years, Outdoor Enterprises has paid no insurance or wages from January 2008 to December 2011, and Outdoor Enterprises operates without liability Insurance.

9.   Other than his employment with Outdoor Enterprises, Matthew Holm appears to have been unemployed since 2003. Based upon information provided by the Debtors, it appears that Matthew Holm is dependent upon marijuana and alcohol.

10.   In addition to various living expenses paid by the Debtors, it is apparent on the record that the Debtors have paid legal fees and fines on behalf of their son, Matthew Holm, in relation to criminal matters in Champaign County, Illinois.

11.   The Chapter 13 Trustee objects to confirmation of Debtors' proposed Chapter 13 Plan, asserting that some of the expenses claimed for the benefit of Debtors' son are not reasonable and necessary.

Conclusions of Law

Confirmation of the Debtors' Chapter 13 Plan is governed by 11 U. S. C. § 1325(b), which states:

(b) (1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan -- ...

> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan. . . .

(2) For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor . . . less amounts reasonably necessary to be expended -- . . .

(3) Amounts reasonably necessary to be expended under paragraph (2), . shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2) if the debtor has current monthly income, when multiplied by 12, greater than ...

Additionally, 11 U.S.C. § 707(b)(2)(A)(ii)(II) states:

(b)(2)(A)(ii) (11) In addition the debtor's monthly expenses may include, if applicable, the continuation of actual expenses paid by the debtor that are reasonable and necessary for the care and support of an elderly, chronically ill, or disabled household member of the debtor's immediate family . . . and who is unable to pay for such reasonable and necessary expenses.

The parties are in agreement on the applicable law in this matter. There is no dispute that expenses for the care and support of an elderly or disabled family member may be deducted from disposable income, but only to the extent that the expenses are shown to be reasonable and necessary. In re Carlton, 370 B.R. 188 (Bankr. C.D. Ill. 2007). In order for expenses of a disabled family member to be deducted from disposable income, the debtor must show that:

(1) the expenses must be a continuation of actual expenses paid by the debtor; and

(2) the expenses must be reasonable and necessary for support of an elderly, chronically ill, or disabled;

(a) household member who is unable to pay for such expenses; or

(b) member of the debtor's immediate family (as defined by statute) who is unable to pay for such expenses.

See: In re Litt, 2012 WL 392887 (Bankr. N.D. Ohio Feb. 6, 2012); See also: In re Hicks, 370 B.R. 919 (Bankr. E.D. Mo. 2007); In re Harris, 415 B.R. 756 (Bankr. E.D. Cal. 2009); and In re Linville, 446 B.R. 522 (Bankr. D.N.M. 2011).

While it is clear that food, clothing, and other essentials are considered "reasonably necessary" for the debtor's maintenance and support, there is no indication that "reasonably necessary" includes any luxury items. In re Nicola, 244 B.R. 795 (Bankr. N.D. Ill. 2000). In the case at bar, the Chapter 13 Trustee asserts that, while some of the expenses that the Debtors are paying on their son's behalf are reasonable and necessary, there are expenses that should not be allowed to reduce the Debtors' disposable income available for payment of unsecured creditors. The Debtors indicate that they provide an average of $376 per month for recreation/entertainment expenses for their adult son. The Court concurs with the Trustee in finding that the elimination of the recreation/entertainment expenses alone would provide an additional $22,560 to the Debtors' unsecured creditors over the course of their Chapter 13 Plan. The Court finds that these expenses are not reasonable under the circumstances of this case and must be denied. The Court similarly finds that some of the business expenses that the Debtors claim for Outdoor Enterprises are not reasonable given that the business is not profitable and that it appears that the business will remain unprofitable for the duration of the Debtors' bankruptcy. The Court also agrees with the Trustee that it is troubling that the business, Outdoor Enterprises, is operated without liability insurance, and that each and every trip provided by the business to customers exposes the Debtors to unwarranted liability.

In addition to the reductions in expenses argued by the Trustee as to the recreation/entertainment expenses of Matthew Holm and the business expenses of the business known as Outdoor Enterprises, the Court also agrees with the Trustee as to all other expenses which should be reduced. The Court agrees with the conclusion reached by the Chapter 13 Trustee that the Debtors should be required to file an amended Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income which reduces the amount listed on Line 40 to $1,307, and increases the amount listed on Line 59 to $1,183.31. The Debtors should be required to file an amended plan providing for a payment of at least $70,998.60 to their unsecured creditors, and that also provides that the Debtors will inform the Chapter 13 Trustee within 14 days in the event their son receives Social Security Disability Income.

###